FILED
11/06/2023
*Phyllis D. Smith*
CLERK
Fergus County District Court
STATE OF MONTANA
By: Phyllis Smith
DV-14-2023-0000080-TO
Perry, Heather
1.00

Casey Heitz
Michael L. Dunphy
**PARKER, HEITZ, & COSGROVE, PLLC**
401 N. 31st Street, Suite 1600
P.O. Box 7212
Billings, Montana 59103-7212
Ph: (406) 245-9991
caseyheitz@parker-law.com
mdunphy@parker-law.com

Attorneys for Plaintiff

## MONTANA TENTH JUDICIAL DISTRICT COURT, FERGUS COUNTY

| | |
|---|---|
| HOLGATE, LLC, )<br>                                        )<br>                    Plaintiff, )<br>                                        )<br>          and          )<br>                                        )<br>NORTHWESTERN CORPORATION, )<br>d/b/a NORTHWESTERN ENERGY; )<br>and JOHN DOES I–V, )<br>                                        )<br>                    Defendants. ) | Cause No. _____<br><br>Judge: Heather M. Perry<br><br>**COMPLAINT AND DEMAND FOR**<br>**JURY TRIAL** |

**\*\*\*\*\*\*\*\*\*\***

COMES NOW the Plaintiff, Holgate, LLC, by and through its attorneys of record,
Parker, Heitz & Cosgrove, PLLC, and for its Complaint against the above-named
Defendants, complains and alleges as follows:

### PARTIES

1       Holgate, LLC ("Holgate"), is a Montana limited liability company with its mailing
address and principle place of business in Lewistown, Fergus County, Montana.

2       The members of Holgate are Montana residents, Kathryn H. "Penni" Weinheimer,
Karen L. Kaufman, and Michael P. Weinheimer.

3    NorthWestern Corporation ("NWC") is a for-profit business incorporated in Delaware whose principal place of business is in Sioux Falls, Minnehaha County, South Dakota.

4    NWC is engaged in business in the State of Montana, operating under the assumed business name of NorthWestern Energy ("NWE"), with its registered agent in Missoula, Missoula County, Montana.

5    The true names and capacities of John Does I–V are unknown to Plaintiff who, therefore, sues said Defendants under these fictitious names. On information and belief, Defendants John Does I–V (i) directly participated in or assisted in the performance of the wrongful acts and omissions described herein, although the full extent of their involvement is unknown at this time, (ii) conspired with the named parties in this case to perform the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time, or (iii) acted as principals or agents, actual or ostensible, of other named parties in this case in performing the wrongful acts and omissions described below, although the full extent of their involvement is unknown at this time. John Does I–V are thus liable for the damages and other relief sought in this case as participants, co-conspirators, principals, agents, or as otherwise necessary or indispensable parties to adjudication of the issues involved in this case. When the true names and capacities of John Does I–V have been ascertained, appropriate amendments of this Complaint will be filed. The parties described in Paragraphs  3, 4, and 5 shall be collectively referred to as "Defendants."

6    Further, based on information and belief, Plaintiff alleges that all Defendants, including John Does I–V (i) jointly perpetrated the acts described herein with their Co-

Defendants, or (ii) were the successors in interest to, or agents, principals, partners, joint venturers, or co-conspirators of their Co-Defendants in doing the things herein alleged, and were acting within the scope and authority or in furtherance of a common scheme or design with the knowledge, permission, consent or ratification of their Co-Defendants in doing the things herein alleged. Defendants are, therefore, liable, jointly and severally, for all damages and other relief or remedies sought by the Plaintiff in this action.

**JURISDICTION AND VENUE**

7     Plaintiff incorporates by reference and re-alleges ¶¶ 1–6 of this Complaint as though fully set forth herein.

8     This Court has subject matter jurisdiction over this case pursuant to Article VII, Section 4 of the Montana Constitution.

9     Defendants are subject to the specific personal jurisdiction of this Court pursuant to Rule 4(b)(1), M.R.Civ.P., as their actions resulted in accrual within Montana of the tort actions alleged herein.

10     This Court is the proper venue because the allegations described in this pleading constitute acts that resulted in the accrual of a tort action within Fergus County, Montana.

**ALLEGATIONS COMMON TO ALL COUNTS**

11     Plaintiff incorporates by reference and re-alleges ¶¶ 1–10 of this Complaint as though fully set forth herein.

12     Plaintiff owns property located in T18N R14E and T18N R13E, Fergus County, Montana, with a residence and associated outbuildings located at 1252 Benchland Road, Denton, Fergus County, Montana.

13     Plaintiff's above-mentioned property includes approximately 1,580 acres of crop,

grass, and hay ground that had been carefully managed for generations—*since 1907*—to ensure high quality production crops, grass, hay, and adequate forage for livestock and wildlife.

14    Plaintiff's property also consisted of various types of trees and shrubbery that provided shelter belts for the residence and outbuildings, and provided aesthetic value, soil stability, and cover for animals.

15    Plaintiff's property, located on the central-Montana prairie, provided high quality habitat for wildlife including deer, antelope, and various upland game birds.

16    On or about November 30, 2021, a fire, later termed the "West Wind Fire," started southwest of Denton, Montana, and traveled east, covering Plaintiff's property. The West Wind Fire ultimately spread to over ten thousand (10,000) acres, destroying a portion of the town of Denton, multiple homes, bridges, grain elevators, farms, pastures, fences, and outbuildings. This fire was a "forest or range fire," as defined by section 50-63-104(2)(c), M.C.A., as it burned unimproved real property located outside an incorporated municipality.

17    Upon on information and belief, the Fire Prevention and Investigation Section of the Montana Department of Justice investigated the West Wind Fire and determined it was ignited by overhead power lines and other electrical infrastructure that was owned, operated, and otherwise controlled solely by the Defendants.

18    The West Wind Fire, caused by Defendants' power lines, severely damaged or completely destroyed six (6) or more well-kept structures on Plaintiff's property, including but not limited to machine shops, garages, historic homestead buildings, well and pump housings, and countless tools and other personal property items and relics of tremendous

historic and sentimental value. The damage to Plaintiff's well and pump housing rendered the well unusable and required Plaintiff to find a new way to get water to the property and incur additional monetary losses.

19    Plaintiff's corrals were partially burned, along with approximately ten (10) miles of fencing, and more than seven thousand (7,000) bushels of the property's grain storage capacity.

20    The West Wind Fire ravaged roughly one thousand (1,000) acres of Plaintiff's property, including approximately 600 acres of cropland, 415 acres of pasture and grassland, and 30 acres of hay ground. The fire caused extensive damage to the vegetation and biomass on the surface of fields on Plaintiff's property, triggering wind erosion and further degradation and loss of topsoil, along with its nutrients and water carrying capacity.

## COUNT I: NEGLIGENCE

21    Plaintiff incorporates by reference and re-alleges ¶¶ 1–20 of this Complaint as though fully set forth herein.

22    Defendants had a duty of ordinary care to undertake any and all their activities and maintain its electrical power lines and infrastructure in a safe and reasonable manner under the circumstances.

23    Defendants breached this duty and were negligent in failing to properly erect, construct, maintain, repair, monitor, operate, or otherwise control its electrical power lines and infrastructure in a manner which created a high probability of fire and, in fact, actually and proximately caused the West Wind Fire, and failed to prevent or otherwise mitigate the spread of said fire.

24    Defendants' breach of their duty of care directly and proximately caused damage to

Plaintiff's real property, personal property, and financial interests, and caused emotional distress due to the tremendous loss of family heritage and precious heirlooms as well as lost wages in tending to this matter. Defendants are, therefore, responsible for Plaintiff's damages in an amount to be proven at trial.

25    Under section 50-63-104, M.C.A., due to Defendants' negligence or its otherwise unintentional acts or omissions, Plaintiff is entitled to recover all a) reasonable costs for controlling or extinguishing the fire; b) economic damages; and c) either the diminution of fair market value of its real and personal property caused by the fire, or the actual and tangible restoration costs associated with restoring its damaged real and personal property to their undamaged state.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff requests that this Court grant the following:

(1)    All of Plaintiff's damages allowed under section 50-63-104, M.C.A., and otherwise, including but not limited to compensatory and economic damages, lost wages, lost fair market value to real and personal property, and restoration costs, all in amounts to be proven at trial;

(2)    Plaintiff's attorney fees and costs; and

(3)    Any other relief the Court deems appropriate.

## JURY DEMAND

Pursuant to Rule 38, M.R.Civ.P., Plaintiff hereby demands a trial by jury of all issues so triable in this action.

DATED this ___6th___ day of November, 2023.

PARKER, HEITZ & COSGROVE, PLLC

Casey Heitz
Michael L. Dunphy
Attorneys for Plaintiff

10th Judicial District Court, Fergus County

Roa Listing

DV-14-2023-0000080-TO

| Date | Filing # | Action | Judge |
|---|---|---|---|
| **Holgate, LLC vs. Northwestern Corporation d/b/a Northwestern Energy** | | | |
| 11/06/2023 | 1.00 | Complaint and Demand for Jury Trial | Perry, Heather |
| 11/09/2023 | 2.00 | Summons Electronically Issued to Northwestern Corporation, d/b/a Northwestern Energy  on 11/09/2023 - emailed copy to Atty Heitz and Atty Dunphy | Perry, Heather |
| 12/28/2023 | 3.00 | Notice of Filing Notice of Removal | Perry, Heather |