Casey Heitz
Michael L. Dunphy
Parker, Heitz & Cosgrove, PLLC
401 N. 31st Street, Suite 1600
PO Box 7212
Billings, Montana 59103-7212
Ph:  (406) 245-9991
caseyheitz@parker-law.com
mdunphy@parker-law.com

*Attorneys for Plaintiff*

| | |
|---|---|
| Leo S. Ward | Thomas H. Davis |
| Browning, Kaleczyc, Berry and Hoven, P.C. | Courtney J. Harrison |
| 800 N. Last Chance Gulch, Suite 101 | Stinson LLP |
| PO Box 1697 | 1201 Walnut Street, Suite 2900 |
| Helena, MT 59624 | Kansas City, MO 64106 |
| Ph:  (406) 443-6820 | Ph:  (816) 842-8600 |
| leow@bkbh.com | thomas.davis@stinson.com |
| | courtney.harrison@stinson.com |

*Attorneys for Defendant*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| HOLGATE, LLC, | CV-23-88-GF-BMM-JTJ |
| Plaintiff, | **PROPOSED DISCOVERY PLAN** |
| vs. | |
| NORTHWESTERN CORPORATION dba NORTHWESTERN ENERGY, a Delaware corporation, | |
| Defendant. | |

Pursuant to Rule 26(f), Fed.R.Civ.P., L.R. 26.1, and the Court's January 19, 2024, Order (Doc.12), a teleconference was held on April 10, 2024. Casey Heitz and Michael Dunphy participated on behalf of Plaintiff. Thomas Davis participated on behalf of Defendant. Through counsel, the parties discussed the nature and basis of their claims and defenses, the possibilities for a prompt settlement or resolution of the case, and the development of a proposed discovery plan under Rule 26(f)(3), Fed.R.Civ.P., L.R. 16.2(b)(2), and this Court's Order (Doc.12). After conferring about these matters, counsel for the parties propose the following:

A.  **RULE 26(A) DISCLOSURES**

The parties do not propose any changes to the timing, form or requirement for disclosures under Rule 26(a), Fed.R.Civ.P. The parties agree to serve their initial disclosures on or before May 8, 2024.

B.  **SUBJECTS ON WHICH DISCOVERY MAY BE NEEDED, WHEN DISCOVERY SHOULD BE COMPLETED, AND WHETHER DISCOVERY SHOULD BE CONDUCTED IN PHASES OR LIMITED TO OR FOCUSED ON PARTICULAR ISSUES**

1.  **Subjects on Which Discovery May Be Needed**

The parties expect to conduct discovery on all claims, theories, and defenses raised, including but not limited to the nature and extent of Plaintiff's alleged damages, Defendant's liability, and causation issues related to Plaintiff's damages.

2.  **Discovery Deadline**

The parties agree that discovery should be closed by March 31, 2025.

**3.     Whether Discovery Should Be Conducted in Phases or Limited to or Focused on Particular Issues**

The parties do not propose that discovery be conducted in phases or limited to or focused on any particular issues.

**C.     ISSUES RELATING TO DISCLOSURE, DISCOVERY OR PRESERVATION OF ELECTRONICALLY STORED INFORMATION**

There are no known or contemplated issues regarding disclosure, discovery, or preservation of electronically stored information ("ESI"), including the form or forms in which it should be produced. The parties anticipate producing ESI in PDF format. If a particular document warrants production in a different format, the parties will cooperate and attempt to arrange for the mutually acceptable production of such document in the alternative format. The parties agree to produce documents with logical document breaks or clear bates numbering identifying the range of documents produced in response to a particular discovery request.

**D.     ISSUES RELATING TO CLAIMS OF PRIVILEGE OR OF PROTECTION AS TRIAL PREPARATION MATERIALS**

There are no known or contemplated issues regarding claims of privilege or of protection as trial-preparation materials, and there are no proposals or agreements on a procedure to assert those claims after production. Thus, the parties

are not requesting the Court to include any such agreement in an Order under Federal Rule of Evidence 502. The parties agree to work cooperatively to resolve any issues which may arise of this nature before bringing the matter to the Court for resolution.

**E.   CHANGES TO BE MADE IN THE LIMITATIONS ON DISCOVERY**

The parties do not request any changes in the limitation on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of Procedure.

**F.   ANY OTHER ORDERS THAT SHOULD BE ENTERED PURSUANT TO RULE 26(c) OR RULE 16(b) AND 16(c)**

At this time, the parties are not seeking any other orders under Rule 26(c) or Rule 16(b) and (c), Fed.R.Civ.P.

**G.   AMENDMENTS TO PLEADINGS AND JOINDER OF PARTIES**

The parties agree that any amendments to the pleadings and any motions to join additional parties shall be filed by June 18, 2024.

**H.   LIKELY AREAS OF EXPERT TESTIMONY AND DEADLINES TO DISCLOSE THE SAME**

Plaintiff anticipates expert testimony concerning liability, cause and origin of the fire, and the nature and amount of Plaintiff's damages. Defendants may present expert testimony concerning Plaintiff's claims of liability and damages, and other applicable defenses. The parties reserve their rights to identify and utilize

experts on any subject in accordance with the Federal Rules of Civil Procedure, the Local Rules of Procedure, and the Court's scheduling order.

Plaintiff proposes simultaneous disclosure of both parties' damages and liability expert(s) by October 1, 2024, and disclosure of both parties' rebuttal damages and liability expert(s) by December 1, 2024. Defendant proposes a staggered disclosure, of Plaintiff's damages and liability expert(s) by October 1, 2024, disclosure of Defendant's damages and liability expert(s) by December 1, 2024, and disclosure of Plaintiff's rebuttal damages and liability expert(s) by January 31, 2025.

DATED this 10th day of April, 2024.

/s/   Michael L. Dunphy
Michael L. Dunphy
Parker, Heitz & Cosgrove, PLLC
Attorneys for Plaintiff, Holgate, LLC

/s/   Thomas H. Davis
Thomas H. Davis
Stinson, LLP
Attorneys for Defendant,
NorthWestern Corporation d/b/a
NorthWestern Energy

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 10th day of April, 2024, a true a true copy hereof was service via the ECF system to be served on counsel of record.

    /s/  Michael L. Dunphy
Attorney for Plaintiff, Holgate, LLC