Leo S. Ward
(Mont. Bar No. 1893)
BROWNING, KALECZYC, BERRY
AND HOVEN, P.C.
800 N. Last Chance Gulch, Suite 101
P.O. Box 1697
Helena, MT 59624
Telephone (406) 443-6820
Telefax (406) 443-6883
Email: leow@bkbh.com

Thomas H. Davis
(Mont. Bar No. 41343255)
Courtney J. Harrison
(Mo. Bar. No. 69121, *pro hac vice* forthcoming)
STINSON LLP
1201 Walnut Street, Suite 2900
Kansas City, MO  64106
Telephone (816) 842-8600
Telefax (816) 691-3495
Email: steve.emerson@stinson.com
Email: thomas.davis@stinson.com
Email: courtney.harrison@stinson.com

*Attorneys for Defendant NorthWestern Energy*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| HOLGATE, LLC,<br><br>Plaintiff,<br><br>vs.<br><br>NORTHWESTERN CORPORATION dba NORTHWESTERN ENERGY, a Delaware corporation,<br><br>Defendant | Case No. CV-23-88-GF-BMM<br><br>**DEFENDANT'S PRELIMINARY PRETRIAL STATEMENT** |

Pursuant to Local Rule 16.2(b)(1) and this Court's January 19, 2024 Order (ECF No. 12), Defendant NorthWestern Corporation d/b/a NorthWestern Energy

("NorthWestern" or "NWE"), by and through counsel, hereby respectfully submits its Preliminary Pretrial Statement.

1. **Brief Factual Outline of the Case**

NorthWestern Energy is a publicly-held natural gas and electric utility that operates in Montana, South Dakota, and Nebraska. Holgate, LLC. ("Holgate") is a Montana limited liability company with its principal place of business located in Lewiston, Fergus County, Montana.

On or about November 30, 2021, a fire started near Denton, Montana (the "West Wind Fire"), resulting in damage to multiple homes and commercial properties. The fire was caused by unusually high winds, which led to the downing of a power line in drought conditions.

Holgate owns property located at T18N R14E and T18N R13E, Fergus County, Montana, with a residence and associated outbuildings located at 1252 Benchland Road, Denton, Fergus County, Montana.

2. **Basis for Federal Jurisdiction and for Venue in the Division**

The Court has diversity jurisdiction under 28 U.S.C. § 1332(a) because the parties are citizens of different states, and the matter in controversy exceeds $75,000 exclusive of interest and costs. The Court has personal jurisdiction over NWE because NWE resides in this State, maintains offices in this State, does business in

this State, and has otherwise established contacts within this State making the exercise of personal jurisdiction proper.

Venue is proper in the Great Falls Division under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the action occurred in this District.

3. **Factual Basis of Each Claim or Defense Advanced by the Party**

   a. Plaintiffs' Complaint fails to state a claim or cause of action against Defendant upon which relief can be granted. (Answer ¶ 28).

   b. Plaintiffs' claims are barred because the incidents complained of by Plaintiffs' were caused by unforeseen and unforeseeable external factors and forces over which Defendant had no control. (Answer ¶ 33).

   c. Plaintiffs' claims are barred or must be reduced by the operation of Montana Code Ann. Section 27-1-702 due to Plaintiffs' own contributory negligence, acts and/or omissions that caused and/or contributed to cause any damages Plaintiffs' may have sustained. (Answer ¶ 34).

   d. Plaintiffs' Complaint is barred by Mont. Code. Ann. Section 50-63-104 to the extent that Plaintiffs' are seeking damages beyond the diminution in fair market value of the property. (Answer ¶ 29).

NWE anticipates that discovery will show that if Holgate is seeking damages for a high wind event outside the reasonable control of Defendant and beyond those damages which are compensable or reasonable under Montana law and/or inconsistent with its obligation to mitigate.

   e. Defendant states that the installation, maintenance and operation of the electric lines and associated equipment in question complied with all applicable state, federal and local laws, rules and regulations in effect at the relevant time and that Plaintiff's claims are therefore barred. (Answer ¶ 30).

NWE will show that it met the standard required of it by the operative regulations and tariffs in existence at the relevant time and that the Plaintiffs' claims are therefore barred.

- f. <u>Defendant states that the electric lines and associated equipment in question were manufactured, installed, maintained and operated pursuant to generally recognized and prevailing industry and governmental standards in existence at the relevant time and that the Plaintiffs' claims are therefore barred. (Answer ¶ 31).</u>

The evidence NWE will present shows that its conduct met generally acceptable standards in the industry in the maintenance of its electric lines at the relevant time and that Plaintiffs' claims are therefore barred.

- g. <u>Plaintiffs' claims are barred by operation of Montana Code Ann. Section 69-4-201 to the extent that the installation of the electric equipment at the time complied with the National Electric Safety Code, thereby establishing due care. (Answer ¶ 32).</u>

NWE will establish its electric equipment was installed in accordance with the National Electric Safety Code and that Plaintiffs' claims are therefore barred because NWE met the applicable duty of care.

- h. <u>Plaintiffs' claims are barred because the incidents complained of by Plaintiff were caused by unforeseen and unforeseeable external factors and forces over which Defendant had no control. (Answer ¶ 33, 35).</u>

Paragraph 33 of NWE's Answer alleges that Plaintiffs' claims are barred because the incidents complained of were caused by unforeseen and unforeseeable external factors and forces over which Defendant had no control. And Paragraph 35 alleges that Plaintiffs' claims are barred due to force majeure. As indicated in

Montana Pattern Jury Instruction 2.09, in order for NWE to be liable, its conduct must be a "substantial factor" in causing Plaintiffs' injury.

In this case, there were unforeseen, external factors at play, including the unanticipated extremely high winds, which overcome any assertion that NWE's conduct was a substantial factor. Such *force majeure* factors remove the situation from one of causation on the Part of NWE because those problems were beyond the control of the utility. *See Edington v. Creek Oil Co.*, 213 Mont. 112, 119 (1984).

> i. Plaintiffs' claims are barred or must be reduced by the operation of Montana Code Ann. Sections 27-1-702 due to Plaintiffs' own contributory negligence, acts and/or omissions which caused and/or contributed to cause any damages Plaintiff may have sustained. (Answer ¶ 34).

In this case, there were unforeseen, external factors at play, including the conduct of Holgate itself in failing to mitigate, which overcome any assertion that NorthWestern's conduct was a substantial factor. In addition, there were force majeure factors involved in the fire, such as Plaintiffs' lack of maintenance and the unpredictable weather, which remove the situation from one of causation on the part of NorthWestern because those problems were beyond the control of the utility. *See Edington v. Creek Oil Co.*, 213 Mont. 112, 119 (1984); *see also City of Whitefish v. Jentile*, 366 Mont. 94, 101 (2012).

> j. Plaintiffs' claims are barred in whole or in part by the Electric Tariff approved by the Montana Public Service Commission, including but not limited to Rule 8-2 B. (Answer ¶ 36).

NWE is protected from liability in light of the Electric Tariff 8-2 B, which provides:

> The Utility shall not be liable to Customer or others for failure or interruption of electric service due to acts of God, governmental regulations, court or Commission orders, acts of the public enemy, strikes or labor difficulties, accidents, weather conditions, acts of third parties, droughts, or, without limitation by the forgoing, any other cause beyond reasonable control of the Utility.

The fire was caused by an act of God – abnormal weather – that is beyond the reasonable control of the Utility.

   k. <u>Plaintiffs' claims are barred in whole or in part by its failure to mitigate its damages.  (Answer ¶ 37).</u>

Defendant anticipates that the significant damages claimed by Plaintiffs' were, in fact, caused in whole or in part by its failure to take preventative steps in mitigating against the consequences of a fire and its failure to correctly follow the processes and procedures that were in place.  Any failure by Plaintiffs' to mitigate its losses reduces Defendant's liability.  *See Bitterroot Int'l Sys., Ltd. v. W. Star Trucks, Inc.*, 336 Mont. 145, 160-61 (2007).

4. **Legal Theory Underlying Each Claim or Defense**

The discussion of the legal theories supporting each of NWE's defenses is contained in Section C above and incorporated herein by reference.

5. **Computation of Damages**

NWE does not seek damages.

6. **Pendency or Disposition of Any Related State or Federal Litigation**

None.

7. **Proposed Additional Stipulations of Fact not Included in the Statement of Stipulated Facts.**

   None.

8. **Proposed Deadlines Relating to Joinder of Parties or Amendment of the Pleadings**

   June 18, 2024.

9. **Identification of Controlling Issues of Law Suitable for Pretrial Disposition.**

   A number of the defenses asserted above will be the subject of dispositive motions at the appropriate time, including real party in interest, damage limitations, compliance with industry standards and the National Electric Code at the time of installation and therefore lack of the ability of plaintiff to make a submissible case of negligence against the defendant.

10. **Witnesses**

    Witnesses will be identified in defendant's Rule 26 Disclosures.

11. **Potentially Applicable Insurance**

    Insurance will be identified in defendant's Rule 26 Disclosures.

12. **Settlement Discussions and Prospects**

    The parties engaged in extensive settlement discussions prior to the lawsuit being filed.  NorthWestern would be amendable to mediation.

13. **Suitability of Special Procedures**

NWE does not at this time believe that any special procedures are required or would be beneficial.

DATED this 18th day of April, 2024.

By: */s/Thomas H. Davis*
*Attorney for Defendant*
*NorthWestern Energy*

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 18th day of April, 2024, a true copy hereof was served via the ECF system to be served on counsel of record.

*/s/Thomas H. Davis*
*Attorney for Defendant*
*NorthWestern Energy*