UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| HOLGATE, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>NORTHWESTERN CORPORATION, d/b/a NORTHWESTERN ENERGY, a Delaware corporation,<br><br>      Defendant. | CASE NO. CV-23-88-GF-BMM<br><br>**PROTECTIVE ORDER** |

PROTECTIVE ORDER

  The Parties anticipate that some of the information, documents, and tangible things to be produced or exchanged in this case will contain confidential, proprietary and/or sensitive business information. The Parties agree that such information warrants protection from public disclosure and limitations on its use by the Parties. Accordingly, the Parties have stipulated to the entry of a Protective Order to protect such information and to facilitate the production and receipt of information during discovery in this Action, and the Court finds that entry of this Protective Order is reasonably calculated to protect the Parties' sensitive confidential information:

  Therefore, it is **ORDERED, ADJUDGED, AND DECREED** as follows:

  1. Holgate, LLC and Northwestern Corporation d/b/a Northwestern Energy are referred to collectively in this Order as "the Parties." If any other party should be joined in this action and that party stipulates to be bound by this Order, subject to the Court's approval, that party shall be deemed to be included within the

definition of "Parties" as used in this Order. The Parties have agreed to exchange, either voluntarily or pursuant to requests consistent with the Federal Rules of Civil Procedure, documents and other information which the Parties in good faith believe may contain "Confidential Information." "Confidential Information" shall include customer names; proprietary licensing, distribution, marketing, design, development, research, and manufacturing information; infrastructure information; production information; personnel records and information; and financial information not publicly filed with any federal or state regulatory authority. In order to facilitate the fair and efficient completion of pretrial discovery while at the same time protecting the Parties' rights in their confidential materials and minimizing the need for judicial intervention in the discovery process, the Parties have agreed to the terms of this Protective Order.

2. Any documents or information sought during discovery that a Party reasonably believes comprises or contains, or may comprise or may contain, confidential business or financial information may be designated as "Confidential Information." "Confidential Information excludes information that (i) without any breach of this Agreement by the receiving party, is or becomes generally known to the public; (ii) was in the receiving party's possession or known by it prior to the effective date of this Agreement; (iii) is rightfully disclosed to the receiving party by a third party without restriction; or (iv) is independently developed by the receiving party without use of or reference to the disclosing party's Confidential Information."

3. Any and all documents or writings constituting Confidential Information shall be designated as such, by placing on each page, by means of a stamp or otherwise, the notice "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" in such manner as will not interfere with legibility of the document. In the event that any document so marked is attached as an exhibit to a deposition transcript or written discovery response, then the exhibit and any

portion of the deposition transcript or discovery response shall be designated as Confidential Information and subject to the terms of this Order.  That portion of a deposition transcript referring to Confidential Information, including the deposition exhibit, shall be separately bound by the Court Reporter and provided in a sealed envelope.  Any Party may designate some or all of a deposition as Confidential Information pursuant to the Protective Order by making an appropriate request at the deposition on the record or by making such designating in writing within 30 days of receiving the transcript.

      4.      Any Party who maintains or receives Confidential Information shall keep it within its exclusive possession and control, except when the Confidential Information is in actual use by a person entitled to do so, and shall maintain and control the Confidential Information in such a manner as to prevent access by those individuals not entitled to the Confidential Information.  Confidential Information shall be used only in this litigation and shall be disclosed only to those individuals identified in Paragraph 5 below for purposes of this litigation.  Confidential Information shall not be disseminated or disclosed except as set forth in this Protective Order.

      5.      Confidential Information may be disclosed only to:

      A.      The Parties and their attorneys of record in this case;

      B.      Officers and current employees of the Parties and their attorneys whose knowledge of such information is necessary to enable the parties to prepare for trial, to try this proceeding, or to engage in appellate proceedings in this case;

      C.      Independent experts and consultants retained or interviewed in this case by a Party or the attorneys of record in this case for a Party, and then only that Confidential Information necessary for them to provide expert or consulting services;

D. Deposition reporters and their support personnel for purposes of preparing deposition transcripts;

E. Any deposition deponent for purposes of a deposition held in connection with this case, where Confidential Information is relevant to a subject matter of which the deponent would be likely to have knowledge;

F. The author(s), sender(s), addressee(s) and copy recipient(s) of the Confidential Information, but only to the extent that the person is an actual or potential witness in this action;

G. The Court and its personnel involved in this action; and

H. Percipient witnesses interviewed for potential testimony or called to testify at any hearing or trial, but only for purposes of such testimony.

6. Before disclosing Confidential Information to any persons (other than pursuant to paragraph 5 (F), or (G)) authorized to receive it under paragraph 5 of this Stipulation, counsel shall provide a copy of this Stipulation and any order thereon to such persons, shall advise them that they are governed by its provisions, and shall instruct them not to use Confidential Information in any manner contrary to the terms of this Stipulation.

7. All information, documents, data, and testimony exchanged by the Parties in the course of this lawsuit are to be used solely for purposes of this litigation. However, this Stipulation shall not prohibit NorthWestern Energy from using such information, documents, data, and testimony to satisfy regulatory reporting obligations.

8. The inadvertent, unintentional, or in camera disclosure of confidential discovery shall not be deemed a waiver, in whole or in part, of any claim of confidentiality. Upon the discovery of any inadvertent or unintentional disclosure, the producing Party shall advise the other parties that the disclosed information is to be designated as confidential under the terms of this Order.

9.     The inadvertent production of any un-redacted discovery that would otherwise be subject to redaction shall not be deemed a waiver, in whole or in part, a Party's claim of confidentiality and redaction as to such information.  Upon the discovery of any inadvertent or unintentional disclosure, the producing Party may advise the other parties that the discovery is subject to redaction.

10.    This Stipulation shall be without prejudice to the rights of the Parties to apply to the Court for additional, different or removal of protection if they deem it necessary to do so.  The terms of this Stipulation shall not affect the right of any person to seek and secure greater protection for particularly sensitive information or to seek whatever further relief is available under any relevant rule or statute.

11.    In the event that any Party shall file with the Court a document which has been marked as "Confidential" pursuant to Section 3 above, that Party shall file the document under seal if required under the Critical Infrastructure Information Act of 2002, as amended, and in compliance with the Federal Rules of Civil Procedure and this Court's Local Rules.  In the event that any Party desires to file with the Court a document which has been marked as "Confidential" pursuant to Section 3 above, that Party shall confer with opposing counsel whether to file the document under seal if required in compliance with the Federal Rules of Civil Procedure and this Court's Local Rules.  If the parties cannot agree, the filing party shall first file a motion with the Court seeking an order whether the document shall be filed under seal pursuant to L.R. 5.2 or redacted pursuant to Rule 26.4(b).  The parties agree the document may be hand-delivered to the Court under seal until further order of the court.

12.    This Stipulation shall continue in full force and effect with respect to all Confidential Information, whether or not offered into evidence, until another Order modifies, supersedes or terminates it, and shall be enforceable as any other order of the Court.  At the conclusion of this action (including appeal), all such

Confidential Information shall either be returned to the Party who produced it or certified destroyed by the receiving party, and no Party, expert, consultant or any other person or entity to whom such Confidential Information was produced shall retain any copies of any such Confidential Information, except that counsel for each Party may maintain one copy of all documents containing Confidential Information for the purpose of maintaining complete and accurate files of the action.

13. This Stipulation is without prejudice to the right of any Party to object to the discovery, production and/or admissibility of any information, document or evidence or to bring before the Court at any time the question of whether any particular information is or is not relevant to any issues in, or to the subject matter of, this action, and such right is expressly reserved. The designation of such information as Confidential Information pursuant to this Stipulation shall not be construed as an admission of the relevance of such Confidential Information in the litigation.

14. Nothing contained in this Stipulation or Order shall prevent any Party from using or disclosing its own Confidential Information without having to comply with the terms of this Stipulation, except to the extent that such use or disclosure may compromise the other Party's Confidential Information.

15. The Court shall retain jurisdiction to make such amendments, modifications, deletions and additions to the order pursuant to this Stipulation as the Court may from time to time deem necessary or appropriate.

16. This Stipulation may be amended by the agreement of counsel for the Parties in the form of a further Stipulation, subject to the approval of the Court.

DATED this 28th day of August, 2024.

_____
Brian Morris, Chief District Judge
United State District Court